# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TANEA PRATT,** individually and on behalf of all others similarly situated, <br> Plaintiff <br><br> v. <br><br> **NORTHERN CHILDREN'S SERVICES,** <br> Defendant | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br> NO.: |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Tanea Pratt ("Plaintiff"), individually and on behalf of all other similarly situated current and former employees of Northern Children's Services, and on behalf of the members of the proposed Pennsylvania Rule 23 Class, bring this action against Defendant for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.104 *et seq.* ("PMWA") and/or Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* ("PWPCL"). Plaintiff further alleges Defendant was unjustly enriched by its unlawful actions. Plaintiff states the following as her claims against Defendant:

# I.

# OVERVIEW

1.  Plaintiff brings claims to recover unpaid overtime compensation under § 216(b) of the FLSA. She brings these claims as a putative collective action, individually, and on behalf of and all current or former hourly therapeutic staff support workers employed by Defendant from three years prior to the time of filing to the present.

2.  Plaintiff also brings claims to recover unpaid wages under the PMWA and PWPCL, and for unjust enrichment. Plaintiff brings these claims as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

# II.

# THE PARTIES

**Plaintiff**

3.  Plaintiff Tanea Pratt is a citizen of the United States domiciled in the City of Philadelphia, State of Pennsylvania. Plaintiff has been employed by Defendant, specifically as an hourly therapeutic staff support worker ("TSS"), since approximately 2013.

4.  Pursuant to 29 U.S.C. § 216(b), Plaintiff Pratt consents in writing to be a party to the FLSA claims asserted. Her consent form is attached as Exhibit A. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

5. Plaintiff, those similarly situated, and the proposed Pennsylvania Rule 23 Class are or were employees of Defendant within the meaning of the FLSA, PMWA and PWPCL.

6. This action is brought as a putative collective action under the FLSA for failure to pay federally mandated overtime compensation.

7. This action is also brought as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the PMWA and PWPCL, for failure to pay and promptly pay employees proper overtime wages for all hours worked each week over forty. Plaintiff seeks redress for Defendant's unjust enrichment.

8. Defendant has willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the federal and state rights of Plaintiff, those similarly situated, and members of the proposed Pennsylvania Rule 23 Class.

**Defendant**

9. Defendant Northern Children's Services is a Pennsylvania non-profit corporation with its principal place of business located in Philadelphia, Pennsylvania. Defendant offers school therapeutic services to support children and youth who have emotional and/or behavioral problems.

10. Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

11. Plaintiff, and all those similarly situated, are or were individual employees engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

12. At all relevevant times, Defendant is, and has been, employers of Plaintiff, those similarly situated, and the proposed Pennsylvania Rule 23 Class within the meaning of the FLSA, 29 U.S.C. § 203(d), PMWA, 43 P.S. § 333 *et seq.*, and PWPCL, § 260.1 *et seq.*

### III.

### JURISDICTION

13. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arise under § 207(a) of the FLSA. Additionally, this Court has personal jurisdiction over Defendant, since Defendant conducts business in the District of Pennsylvania.

14. The Court also has supplemental jurisdiction, pursuant to 29 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

### IV.

### VENUE

15. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendant is domiciled within this District and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise the claims occurred in this District.

### V.

## COLLECTIVE AND CLASS ACTION DEFINITIONS

16. The group of similarly situated employees sought to be certified under the FLSA, 29 U.S.C. § 216(b), as a collective action is defined as:

> All current or former hourly therapeutic staff support workers employed by Northern Children's Services at any time since three years prior to filing this Complaint (the "FLSA Collective").

17. The class of similarly situated employees sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action for violations of the PMWA and PWPCL, and for unjust enrichment, is defined as:

> All current and former hourly therapeutic staff support workers employed by Northern Children's Services at any time since three years prior to filing this Complaint (the "Pennsylvania Rule 23 Class").

## VI.

## FACTS

18. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

19. Plaintiff, those similarly situated, and the members of the proposed FLSA Collective and Pennsylvania Rule 23 Class are or were employed by Defendant as therapeutic support staff workers to behavioral support services to school children.

20. Defendant has suffered and permitted Plaintiff to regularly work more than forty (40) in certain workweeks. Upon information and belief, Defendant has also suffered and permitted the members of the FLSA Collective, and members of the Pennsylvania Rule 23 Class to work regularly work more than forty (40) in certain workweeks.

5

21. Plaintiff and those similarly situated were not compensated in accordance with the FLSA, PMWA and/or PWPCL because they were not paid proper overtime wages for all hours worked in excess of forty (40) hours per workweek. Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, Defendant paid them "straight time" for all of their overtime hours worked.

22. Defendant is aware, or should have been aware, that Plaintiff, the FLSA Collective, and members of the Pennsylvania Rule 23 Class performed work that required them to work overtime. Defendant assigns Plaintiff's work schedule and requires Plaintiff, those similarly situated, and members of the Pennsylvania Rule 23 Class to report their work hours via weekly timesheets, which routinely reflect overtime hours.

23. During her employment with Defendant, Plaintiff's hours have varied from week to week.

24. Upon information and belief, other similarly situated hourly therapeutic support staff workers have recorded and submitted their hours on Defendant's standardized forms which reflected overtime hours.

## VI.

### COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

26. Plaintiff brings Count I of this action individually and on behalf and all similarly situated individuals. As mentioned above, the proposed FLSA Collective is defined as follows:

> All current or former hourly therapeutic staff support workers employed by Northern Children's Services at any time since three years prior to filing this Complaint.

27. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

28. Plaintiff and the FLSA Collective have routinely worked in excess of forty (40) hours per workweek without receiving proper overtime compensation for their overtime hours worked.

29. As an example, for the two-week pay period ending on November 18, 2016, Defendant paid Plaintiff a regular rate of $14.50 per hour for the 116.25 hours she worked. No overtime wages were paid.

30. Defendant has violated, and is violating, the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying hourly therapeutic support staff workers, like Plaintiff and the FLSA Collective, overtime as required by law.

31. Defendant is aware that it is and was not compensating Plaintiff, the FLSA Collective, and the members of the Pennsylvania Rule 23 Class properly for overtime.

32. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked over forty (40).

## VIII.

## PENNSYLVANIA RULE 23 CLASS ACTION ALLEGATIONS

33. Plaintiff re-allege and incorporates by reference the above paragraphs as if fully set forth herein.

34. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiff brings Counts II, III and IV of this action individually and on behalf of all similarly situated individuals. As mentioned above, the proposed Pennsylvania Rule 23 Class is defined as follows:

> All current or former hourly therapeutic staff support workers employed by Northern Children's Services at any time since three years prior to filing this Complaint.

35. The persons in the Pennsylvania Rule 23 Class are so numerous that joinder of all members of the proposed Pennsylvania Rule 23 Class is impracticable. While the precise number of class members has not been determined at this time, Defendant, on information and belief, has employed hundreds of individuals as therapeutic support staff workers during the applicable statute of limitations period. Plaintiff and the proposed Pennsylvania Rule 23 Class have been equally affected by Defendant's violations of law.

36. There are questions of law and fact common to the proposed Pennsylvania Rule 23 Class that predominate over and questions solely affecting individual members of the proposed Pennsylvania Rule 23 Class, including but not limited to the following:

   a. Whether Defendant violated Pennsylvania law for failure to pay all overtime wages due and owing;

   b. Whether Defendant has failed to keep true and accurate time records for all hours worked by its employees as required by Defendant's policies and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.108;